UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANGEL C.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:21cv328 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for a period of disability and Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2020. (Exhibit C5D).

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 24, 2015 through her date last insured of

2

December 31, 2020 (20 CFR 404.1571 *et seq*.). (Exhibit C6D, C7D).

3. Through the date last insured, the claimant had the following severe impairments: lumbar spondylosis, asthma, migraines/headaches, chronic pain syndrome, diabetes with diabetic polyneuropathy, obesity, attention deficit hyperactivity disorder, schizoaffective disorder, bipolar type, posttraumatic stress disorder, social anxiety disorder, generalized anxiety disorder, and borderline personality disorder. (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can occasionally climb ramps and stairs, she can never climb ladders, ropes, scaffolds, she can occasionally balance, stoop, kneel, crouch and crawl, and she should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, wet, slippery or uneven surfaces, and unguarded moving machinery. In addition, the claimant can understand, remember, and carry out simple instructions and tasks, she can make judgments related to simple decisions, she can respond appropriately to brief interactions with coworkers and supervisors, she should avoid work activity performed in tandem with others, she should avoid work activity requiring interactions with the general public, she can respond appropriately to usual work situations, and she can deal with routine changes in a routine work setting.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on July 16, 1975 and was 45 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 24, 2015, the alleged onset date, through December 31, 2020, the date last insured (20 CFR 404.1520(g)).

(Tr. 17-26).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on March 1, 2022. On April 12, 2022 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply, Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in not finding a closed period of

disability from at least February 21, 2018 to a reasonable time of healing after July 14, 2020 due to her back impairment, her pain, and her multiple invasive procedures that would have rendered her off task or absent beyond employer tolerances.  The ALJ found that from December 2015 through December 2020, Plaintiff's severe and non-severe impairments, including lumbar spondylosis, restricted her to at most a reduced range of light-level work, with various postural, environmental, and mental limitations (Tr. 20). *See* 20 C.F.R. § 404.1545 ("Your residual functional capacity is the most you can still do despite your limitations.").

For the narrower period from February 2018 through July 2020, when Plaintiff claims the ALJ should have found her disabled, the ALJ evaluated the medical evidence and explained how they supported the RFC assessment (Tr. 20-24). The ALJ included a detailed discussion of Plaintiff's treatment history and physical examination findings throughout the relevant period at issue:

> In early 2018, the claimant was reporting back pain. She underwent epidural steroid injection and experienced 50% relief. [(Tr. 270-341)]. Her headache control was "decent" and while she was still getting some headaches, her medications were helping. Observations included a normal range of motion, negative straight leg raising, normal breath sounds, no wheezing, and no rales. She was encouraged to avoid narcotics for her back pain. [(Tr. 270-508)].

(Tr. 21). The ALJ then observed that injection treatment continued in 2019, Plaintiff reported improvement in her pain symptoms, and she did not need more than conservative treatment:

> She received another injection in July 2019 and noted her pain improved from 9/10 to 4/10. She had no emergency room visits and no falls. Her initial injection had even given her 100% relief for three days. At this point, the claimant's BMI was recorded at 47.72, she had normal strength, no atrophy, and normal range of back motion. [(Tr. 342-508, 694-849)].

(Tr. 22). By 2020, the ALJ observed, Plaintiff reported continued back pain, but she "had a normal range of neck motion, normal breath sounds, was able to move all her extremities easily, had

5

normal strength, no loss of sensation, and normal gait, and station" (Tr. 22, 694-849, 940-99). The ALJ also noted that Plaintiff underwent an ablation procedure in July 2020 (Tr. 22, 694-849). And near the end of 2020, the ALJ observed, "she was negative for back pain or arthralgia, and she had normal range of motion, breathing effort, no tenderness to palpation, no edema, and intact sensation" (Tr. 22, 850-939). Further, the ALJ noted that Plaintiff was able to do household chores and thus, "greater limitations of function are not indicated . . . despite [her] allegations that her activities of daily living are very limited" (Tr. 22, 914). In addition, the ALJ explained, "She was frequently noted to have an intact gait, normal range of motion, ability to move all extremities freely, no loss of sensation, no atrophy, and no pain behaviors, and [she] did not consistently require narcotic therapy." (Tr. 22, 694-849).

With respect to the opinion evidence, the ALJ pointed out that "[t]he state agency opined that the claimant could complete a less than full range of light work and that she was moderately mentally limited" (Tr. 24, 101-07). The ALJ found that "[t]his opinion is generally persuasive because it is generally consistent with observations that included frequently intact gait, normal range of motion, ability to move all extremities freely, no loss of sensation, no atrophy, and no pain behaviors" (Tr. 24). The ALJ explained that Plaintiff's obesity, asthma, diabetes, and headaches were severe and warranted additional limitations in the RFC assessment (Tr. 24). Thus, the ALJ included additional limitations on exposure to certain environmental conditions (Tr. 20). In sum, considering the entire medical record, the ALJ's finding that Plaintiff was restricted to a reduced range of light-level work from December 2015 through December 2020 is supported by substantial evidence.

Plaintiff asserts that she was disabled during a narrower two-year period and, in support, cites 2017 MRI imaging and a series of treatment that included lumbar epidural steroid injections.

6

However, as discussed above, the ALJ addressed this evidence and found that they supported a restriction to light-level work throughout the entire period at issue (Tr. 20-24). Under the substantial evidence standard, if a reasonable mind would accept the ALJ's rationale based on the evidence of record, then the finding is proper. *See Biestek*, 139 S. Ct. at 1154. That Plaintiff disputes the ALJ's conclusions does not render the ALJ's findings any less valid under that standard of review. *See L.D.R. v. Berryhill*, 920 F.3d 1147, 1151-52 (7th Cir. 2019) ("Our review is deferential; we will not reweigh the evidence or substitute our judgment for that of the ALJ."). Here, the medical record substantially supports the ALJ's findings.  Thus, there is no basis for remand.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.


Entered: June 8 , 2022.


                                            s/ William C.  Lee
                                            William C. Lee, Judge
                                            United States District Court